# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: December 9, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| DAWN ALLISON, * | | Unpublished |
| Petitioner, * | | No. 20-953V |
| v. * | | Special Master Gowen |
| SECRETARY OF HEALTH * AND HUMAN SERVICES, * | | Dismissal Decision; Guillain-Barre Syndrome ("GBS"). |
| Respondent. * | | |
| * * * * * * * * * * * * | | |

*Michael J. Elliott,* Sheri A. Peters Co. LPA, Munroe Falls, OH, for petitioner.
*Madelyn Weeks,* Department of Justice, Washington, D.C., for respondent.

### DECISION DISMISSING PETITION[1]

On August 3, 2020, Dawn Allison ("petitioner"), filed a petition in the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleges that as a result of an influenza ("flu") vaccination she received on October 9, 2019, she suffered from Guillain-Barre Syndrome ("GBS"). Petition at 1.

The case initially started in PAR, where petitioner was ordered to file additional affidavits and medical records. *See* PAR Initial Order (ECF No. 5). Petitioner filed additional medical records and the case was then transferred to the Special Processing Unit ("SPU"). (ECF Nos. 8, 15). An initial status conference was held in SPU on March 25, 2021, and petitioner filed additional medical records, an affidavit, and evidence regarding her workers' compensation claim. (ECF Nos. 21, 23-28). On May 10, 2021, an informal communication remark indicated that petitioner's counsel emailed the OSM staff attorney assigned to the case and requested a status conference. *See* Informal Communication Remark, May 10, 2021.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended at 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On May 24, 2021, respondent filed a status report informing the court that respondent will continue to defend the case and found the record sufficiently complete to file a Rule 4(c) report. (ECF No. 31). After one motion for extension of time to file the Rule 4(c) report, respondent filed another status report on July 21, 2022, indicating his willingness to engage in settlement discussions and requested a suspension of the Rule 4(c) report deadline. (ECF No. 33). On August 30, 2021, petitioner filed a status report informing the court that no Medicaid lien exists and in order to move forward with a demand petitioner's future lost earnings must be considered. (ECF No. 36).

Petitioner filed a status report on January 27, 2022, indicating that he had extended a demand for settlement on January 19, 2022, and was awaiting a response from respondent. (ECF No. 44). In response to respondent's request for more records, petitioner filed additional medical records on April 7, 2022. (ECF No. 46). On May 19, 2022, respondent filed a status report informing the court that respondent was no longer interested in discussing settlement, and requested a deadline to file a Rule 4(c) report. (ECF No. 48). On July 5, 2022, respondent filed his Rule 4(c) report, recommending against compensation. Respondent's ("Resp.") Report ("Rept.") (ECF No. 49).

The case was transferred out of SPU and reassigned to my docket on August 5, 2022. *See* Notice of Reassignment (ECF No. 51). On August 9, 2022, I ordered petitioner to file an expert report. *See* non-pdf scheduling order, August 9, 2022. On August 29, 2022, petitioner's counsel, Michael J. Elliott, filed a motion to withdraw as attorney. Petitioner's ("Pet.") Motion ("Mot.") to Withdraw (ECF No. 54). Following three scheduling orders ordering petitioner to file a status report that she has obtained counsel and deferring on ruling on Mr. Elliott's motion to withdraw as counsel, petitioner filed a Motion to Dismiss the petition on December 8, 2022. Mot. to Dismiss (ECF No. 58). The motion notes that "an investigation of the facts and science supporting her case has demonstrated to petitioner that she will be unable to prove that she is entitled to compensation in the vaccine program. *Id*.

A petitioner must establish entitlement to compensation in the Vaccine Program through one of two ways.  The first way is to establish that he or she suffered a "Table injury," i.e., that he or she received a vaccine listed on the Vaccine Injury Table and subsequently developed a corresponding injury within a corresponding period of time.  § 300aa-11(c)(1).  The second way is to establish that the vaccine actually caused the onset or significant aggravation of a condition in the vaccinee.  § 300aa-13(a)(1)(A).  To prove actual causation, petitioner must present: (1) a medical theory; (2) a logical sequence of cause and effect; and (3) a medically acceptable temporal relationship between the vaccination and the injury.  *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  The information in the record indicates that there is insufficient evidence presented at this time to justify an award.  Accordingly, in light of petitioner's motion requesting a decision dismissing her petition, a further investigation is unwarranted.  As such, the petition is hereby, **DISMISSED.**

**This matter is DISMISSED for insufficient proof.  The Clerk of the Court shall enter judgment accordingly.[3]**

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).

**IT IS SO ORDERED.**

                                                              **s/Thomas L. Gowen**
                                                              Thomas L. Gowen
                                                              Special Master