# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: July 3, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| DAWN ALLISON, | * | Unpublished |
| | * | |
| Petitioner, | * | No. 20-953V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Michael J. Elliott,* Sheri A. Peters Co. LPA, Munroe Falls, OH, for petitioner.
*Madelyn Weeks,* Department of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On January 4, 2023, Dawn Allison ("petitioner") filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 60). For the reasons discussed below, I **GRANT** Petitioners' motion for attorneys' fees and costs and award a total of **$46,920.15.**

I.   **Procedural History**

On August 3, 2020, petitioner filed a petition in the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleges that as a result of an influenza ("flu") vaccination she received on October 9, 2019, she suffered from Guillain-Barre Syndrome ("GBS"). Petition at 1.

The case was transferred out of SPU and reassigned to my docket on August 5, 2022. *See* Notice of Reassignment (ECF No. 51). On August 9, 2022, I ordered petitioner to file an expert

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended at 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

report. *See* non-pdf scheduling order, August 9, 2022. On August 29, 2022, petitioner's counsel, Michael J. Elliott, filed a motion to withdraw as attorney. Petitioner's ("Pet.") Motion ("Mot.") to Withdraw (ECF No. 54). Following three scheduling orders ordering petitioner to file a status report that she has obtained counsel and deferring on ruling on Mr. Elliott's motion to withdraw as counsel, petitioner filed a Motion to Dismiss the petition on December 8, 2022. Mot. to Dismiss (ECF No. 58). The motion notes that "an investigation of the facts and science supporting her case has demonstrated to petitioner that she will be unable to prove that she is entitled to compensation in the vaccine program. *Id*.

On January 4, 2023, petitioner filed a motion for final attorneys' fees. Petitioners request compensation in the total amount of $53,116.65, representing $51,097.50 in attorneys' fees and $2,019.15 in costs. Fees App. at 16. Pursuant to General Order No. 9, Petitioners warrant they have not personally incurred any costs in pursuit of this claim. Respondent reacted to the fees motion on March 6, 2023, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2. (ECF No. 64). Petitioners did not file a reply thereafter.

The matter is now ripe for adjudication.

II. **Applicable Legal Standard for Attorneys' Fees and Costs**

The Vaccine Act provides that the special master shall award "reasonable" attorneys' fees and costs for any petition that results in an award of compensation. § 300aa–15(e)(1). In this case, petitioner voluntarily dismissed the case and is therefore entitled to an award of reasonable attorneys' fees and costs.

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs*., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under the lodestar approach, a court determines the number of hours reasonably expended in the case and reasonable hourly rates for the attorney(s) involved. Id. at 1347-58 (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The court multiplies those numbers and may adjust the sum upwards or downwards based on other specific findings.

Petitioners "bea[r] the burden of establishing that the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). A request for attorneys' fees should be supported by contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *Savin v. Sec'y of Health & Human Servs.,* 85 Fed. Cl. 313, 316-18 (Fed. Cl. 2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.,* 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgement, [is] reasonable for the work done." Id. at 1552. The special master may reduce a request sua sponte, apart from objections raised by respondent and without providing petitioner notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.,* 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). A special master need not engage in a line-by-line analysis

2

of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.,* 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

The "reasonableness" requirement also applies to costs. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (1992). A requests for costs incurred by either counsel or the petitioner himself should include supporting documentation, such as invoices from experts and itemized receipts. Like a request for attorneys' fees, a request for costs may be reduced *sua sponte* and based on the special master's experience and discretion.

### a. Attorneys' Fees – Hourly Rate

Petitioner requests a total of $51,097.50 in attorneys' fees. Fees App. at 1. Specifically, petitioner request that their attorneys, Mr. Michael J. Elliott, be reimbursed at an hourly rate of $425.00 for work performed in 2020, 2021, and 2022, and for Mr. James R. Galla, III, $225.00 per hour for work performed in 2020, 2021, and 2022. Fees App. at 16. Additionally, petitioner requests $75.00 per hour for Law Clerks and Paralegals for work performed in 2020, 2021, and 2022. *Id*. In the petition for attorneys' fees the charged rate differs from the rates included in the timesheet. The rates listed in the petition are replicated below and the rates requested are listed below in the analysis section.

|  | **2020** | | **2021** | | **2022** | |
|---|---|---|---|---|---|---|
|  | Schedule Rate | Charged Rate | Schedule Rate | Charged Rate | Schedule Rate | Charged Rate |
| **Michael J. Elliott** | $394-467 | **$300** | $414-491 | **$350** | $427-507 | **$425** |
| **James R. Galla, III** | $169-253 | **$175** | $177-266 | **$225** | $183-275 | **$225** |
| **Law Clerks** | $141-163 | **$75** | $148-172 | **$75** | $153-177 | **$75** |
| **Paralegals** | $141-163 | **$75** | $148-172 | **$75** | $153-177 | **$75** |

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Avera, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs*., 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. Id. This is known as the Davis County exception. *Hall v. Sec'y of Health & Human Servs.,* 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

Succinctly stated, the forum rate is the "default rate" unless there is a "very significant difference" between local and forum rates. For cases in which forum rates apply, *McCulloch*

3

provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.,* No 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) motion for recons. denied, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015-2016 and from 2017-2022, which can be accessed online.

Factors to be considered when determining an attorney's appropriate hourly rate are: (1) the prevailing rate for comparable work in Washington, D.C.; (2) the prevailing rate for cases in the Vaccine Program; (3) the experience of the attorney in question within the Vaccine Program; (4) the overall legal experience of the attorney; (5) the quality of work performed by the attorney in the vaccine case; and (6) the reputation of the attorney in the legal community and the community at large. *McCulloch*, 2015 WL 5634323, at *17.

### 1. Reasonable rates for Mr. Michael J. Elliott

Mr. Elliott is an attorney licensed in Ohio and various federal courts, he has been practicing law since 1998, in 2020 he has been practicing law for 22 years, in 2021 he has been practicing for 23 years, and in 2022 he has been practicing for 24 years. *Id*. at 15. This case is Mr. Elliott's first case in the Vaccine Program, and therefore the lower end of the McCulloch range is appropriate. Mr. Elliott billed a total of 90.6 hours from 2020-2022. As a result, Mr. Elliott's requested rate of $425.00 per hour for work performed form 2020-2021 will be reduced and I will award him the following rates:

| Year | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| 2020 | $378.00 | 31.6 | $11,944.80 |
| 2021 | $414.00 | 39.3 | $16,270.20 |
| 2022 | $425.00 | 19.7 | $8,372.50 |

Additionally, in April 2020, Mr. Elliott spent a total of four hours preparing and submitting an application for admission in the U.S. Court of Federal Claims, along with a draft letter and a phone call for a letter of recommendation. Fees App. Aff of Michael Elliott at 3-4. As explained below in the costs sections, the Court has consistently held that costs for applying to admission to the U.S. Court of Federal Claims are general expenses of legal practice and are not reimbursable, therefore a reduction of $1,700.00 is warranted. In total, Mr. Elliott will be awarded $34,887.50, after a reduction of $3,617.50.

### 2. Reasonable Rates for Mr. James R. Galla, III

Mr. Galla is an attorney licensed in Ohio and in all Ohio federal district courts, he has been practicing law since 2019, in 2020 he has been practicing for 1 year, in 2021 he has been practicing for 2 years, and in 2022 he has been practicing for 3 years. *Id*. at 16. Given Mr. Galla's limited experience in the Vaccine Program, the lower end of the McCulloch range is appropriate.

| Year | Hourly Rate | Hours Billed | Total |
|---|---|---|---|
| 2020 | $169.00 | 26.2 | $4,427.80 |

| | | | |
|---|---|---|---|
| **2021** | $177.00 | 10.2 | $1,805.4 |
| **2022** | $183.00 | 11.1 | $2,031.10 |

In total, Mr. Galla will be awarded $8,264.50, after a reduction of $2,288.00

### 3. Reasonable Rates for Law Clerks and Paralegals

The requested rates for the law clerks and paralegals and well within the limits of the Vaccine Program, and therefore shall be awarded in full.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." Avera, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxon*, 3 F.3d at 1521 (quoting, *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

The undersigned has previously reduced the fees paid to petitioners due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), mot. for rev. denied, 129 Fed. Cl. 691 (2016).

After a review of the billing log, I find that the overall hours spent on this matter to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioners are entitled to final attorneys' fees of $46,892.00.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioners request total attorneys' costs in the amount of $2,019.15 for acquisition of medical records, copy costs, filing fee, and postage, all are reasonable. Fees App. Ex. 1. At 11. Petitioner also requested attorneys' costs for certificate of good standing from the Ohio supreme court and Application for Admission to the United States Court of Federal Claims.in the amount of $291.00. *Id*. This Court has consistently held that the costs for applying to admission to the USCFC are general expenses of legal practice and are not reimbursable as a case cost. Therefore, the costs to be awarded are thus reduced by $291.00.

### III. Conclusion

In accordance with the foregoing, Petitioners' motion for attorneys' fees and costs is **GRANTED**. I find that Petitioners are entitled to a reimbursement of attorneys' fees and costs as follows:

| Attorneys' Fees Requested | $51,097.50 |
|---|---|
| (Reduction of Fees) | - $5,906.50 |
| **Total Attorneys' Fees Awarded** | **$45,192.00** |
| | |
| Attorneys' Costs Requested | $2,019.15 |
| (Reduction of Costs) | -$291.00 |
| **Total Attorneys' Costs Awarded** | **$1,728.15** |
| | |
| **Total Attorneys' Fees and Costs** | **$46,920.15** |

**Accordingly, I award a lump sum in the amount of $46,920.15., representing reimbursement for Petitioner's attorneys' fees, in the form of a check payable to Petitioners and their attorney, Mr. Michael J. Elliott.**[3]

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).